EL PUEBLO DE PUERTO RICO, denunciante y apelado, *v.* LUIS ADORNO MEDINA c/p LUIS RIVERA ADORNO, acusado y apelante.

*Número:* CR-64-500      *Resuelto:* 24 de junio de 1965

*Santos P. Amadeo* y *Francisco Coll Moya,* abogados del apelante; *J. B. Fernández Badillo, Procurador General,* y *J. F. Ro-*

*dríguez Rivera, Procurador General Auxiliar,* abogados de El Pueblo.

Sala integrada por el Juez Asociado Señor Belaval como Presidente de Sala y los Jueces Asociados Señores Santana Becerra y Dávila.

EL JUEZ ASOCIADO SEÑOR BELAVAL emitió la opinión del Tribunal.

El señor Fiscal de la Sala de San Juan del Tribunal Superior de Puerto Rico presentó una acusación, por una infracción a la Ley Núm. 220 de 1948, contra Luis Adorno Medina, conocido por Luis Rivera Adorno, Rafael Peraza Dávila y José Rosendo Vázquez Romero, conocido por Chendo, porque "allá en o para el 3 de agosto de 1960, y en Río Piedras, P.R., que forma parte del Tribunal Superior de Puerto Rico, Sala de San Juan, ilegal, voluntaria, criminal y maliciosamente, tenían en su poder y dominio billetes o tickets con números de cuatro cifras los cuales podían utilizarse y se utilizaban por los acusados en el juego ilegal de lotería clandestina".

La disposición infringida es la Sec. 4 de la Ley Núm. 220 de 1948—33 L.P.R.A. sec. 1250 (pág. 956)—que dispone: "Toda persona que fuere sorprendida portando o conduciendo o que tuviere en su poder en cualquier concepto cualquier papeleta, billete, *ticket*, libreta, lista de números o letras, boletos o implementos que pudieren usarse para los juegos ilegales de la 'bolita', 'bolipul', combinaciones relacionadas con los 'pools' o bancas de los hipódromos de Puerto Rico y loterías clandestinas, y toda persona que poseyere, vendiere, o en cualquier forma transportare éstos o cualesquiera otros análogos que se pudieren utilizar o usar en dichos juegos ilícitos, o conectados con la práctica de los mismos, incurrirá en delito público y será arrestada inmediatamente, dándose traslado del caso sin demora al fiscal con jurisdicción, quien formulará la correspondiente acusación y convicta que fuere dicha persona, será castigada con pena de cárcel que no será menor de seis (6) meses ni mayor de dos (2) años; . . . ."

El acusado Luis Adorno Medina fue declarado culpable del delito que se le imputó y condenado a cumplir un año de Cárcel, apelando de dicha sentencia ante este Tribunal. Señala como único error el siguiente: "El proceso y la sentencia dictada contra el acusado-apelante son nulas porque se le acusó de un delito y le sentenció por otro y además existía un 'variance' [incongruencia] entre la acusación y la prueba presentada para condenarlo."

Debemos precisar que la acusación fue por tener el acusado en su poder y dominio, billetes o *tickets* con números de cuatro cifras los cuales podían utilizarse y se utilizaban por los acusados en el juego ilegal de la lotería clandestina. La prueba de la acusación describió el hecho delictivo cometido de la siguiente manera.

Fiscal: "¿Cual era la operación de su conocimiento por transacciones en relación con libretas como esas, cual era la operación a llevarse a cabo y como operaban esas libretas para el tres de agosto de mil novecientos sesenta y días subsiguientes dentro del mercado de bolipool? . . . "

Testigo Feliciano (agente encubierto): "Esas libretas de bolipool serían vendidas, serían repartidas por mí con supuestos boliteros que yo tenía a mi cargo. Digo supuestos, porque en realidad no los tenía y serían vendidas a veinte centavos cada fracción de la hoja de bolipool y se cobraría por cada fracción veinte centavos y pagaría por el primer premio mil quinientos dólares por fracción y en total la hoja pagaría, si la compraban completa, veinticinco mil dólares, por el primer premio."

Fiscal: "Y cada fracción de veinte centavos pagaba mil quinientos dólares?"

Testigo: "Sí, señor."

Fiscal: "Y además de ese primer premio, tenía un . . . .

Testigo (interrumpiendo): "Un segundo premio de quinientos dólares y hasta quinientos premios y aproximaciones."

Fiscal: "¿Como sabía usted el número premiado?"

Testigo: "El premio ganado se sabía porque sería premiada aquella hoja que terminara con los últimos cuatro números del mismo número que saliera en la lotería oficial de Puerto Rico."

Fiscal: "¿Los últimos cuatro números de la lotería oficial de Puerto Rico se utilizarían para determinar que hoja de esto se premiaba?"

Testigo: "Si, señor."

El error señalado por la ilustrada representación del acusado apelante toma fundamento de la siguiente cuestión de derecho: "En la acusación se alega que el acusado tenía en su posesión y dominio billetes o *tickets* con números de cuatro cifras, las cuales podían utilizarse y se utilizaban por los acusados en el juego ilegal de lotería clandestina. La prueba, tanto oral como objetiva que se presentó contra el acusado apelante demostró que este material se podría usar en el juego de la bolita o *bolipool* . . . . La sección 4 de la Ley núm. 220 de mayo 15 de 1948, además del juego de 'la bolita', '*bolipool*', o 'bancas de hipódromo', también menciona la 'lotería clandestina'. En otras palabras comete delito el que opera una banca clandestina, así como también cometen delitos las personas que operan el negocio de 'bolita o *boli-pool*'. Esto es, cada una de estas actividades constituyen una ofensa distinta, y por lo tanto, el acusado debe ser notificado en la acusación de qué delito específico se le acusa, y la prueba debe corresponder a la naturaleza del delito que se le acusa . . . . Al acusado apelante se le acusa de tener una banca clandestina y se le juzga con prueba que lo que demuestra es que operaba con material ilegal que podía usarse para jugar el juego ilegal de la bolita. Por lo tanto, al acusado apelante no se le advirtió con la exactitud que requiere el mandato constitucional de que se le debe notificar del delito que se le acusa. Y además la prueba que se presentó en su contra es para probar un delito distinto al que se le acusaba."

Si examinamos con algún detenimiento la estructura de la Sec. 4, surge claro que el delito que se persigue es la posesión de material ilegal susceptible de utilizarse en el juego de la bolita. El término *bolita* en su acepción popular más sensible al sistema de ideas legislativo es el genérico,

inclusivo y los otros términos utilizados—"bolipool", combinaciones de números relacionadas con los "pools" o las bancas de los hipódromos, loterías clandestinas—son simples denominaciones alternadas por las cuales se conoce el mismo juego ilícito. La razón de esta diversidad de renombres obedece a que originalmente la bolita se tiraba extrayendo de un candungo manipulado por el banquero mismo o de las listas de las loterías extranjeras, las combinaciones de los números que se suponían premiados. Con el objeto de darle un viso de legalidad, se tomó más tarde un número cuya confección no dependiera de la voluntad del banquero o de una lista de escasa circulación popular, por ejemplo, sustituyéndolas con las últimas cifras del montante jugado en las seis o siete carreras de caballos de un mismo día o del montante jugado en determinada carrera o las últimas cifras de los primeros premios de la lotería de Puerto Rico.

En realidad de derecho, la bolita no es otra cosa que una lotería clandestina, cuyo renglón de apuesta y tabla de premios no tiene la supervisión ni la publicidad requerida por el Estado para las loterías legalizadas. Cada una de sus denominaciones no es una ofensa distinta, sino una diversa manera de referirse a la acepción común.

*La sentencia dictada el día 12 de agosto de 1964 por el Tribunal Superior de Puerto Rico, Sala de San Juan debe ser confirmada.*