EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* MELESIA AMELIA PRINCE, acusada y apelante.

Número: CR-68-1          Resuelto: 20 de marzo de 1969

*Miguel Ángel Salicrup Cabello,* abogado de la apelante; *Rafael A. Rivera Cruz, Procurador General,* y *Adolfo Negrón Cruz, Procurador General Auxiliar,* abogados de El Pueblo.

SENTENCIA

Contra la apelante se radicó una acusación que le imputa haber infringido la Sec. 4ta. de la Ley Núm. 220 de 1948 en dos ocasiones. Lee así la acusación:

"El fiscal formula acusación contra MELESIA AMELIA PRINCE c/p 'MILLIE' residente en Edificio 72, Apartamento 1370, Urb. Pública Lloréns Torres, Santurce, Puerto Rico, por Dos Infracciones a la Sección 4 de la Ley Núm. 220 de Mayo de 1948, según quedó subsiguientemente enmendada, Misdemeanor, cometidas de la manera siguiente:

## *Primer Cargo*

La referida acusada MELESIA AMELIA PRINCE c/p 'MILLIE', allá en o para el 4 de octubre de 1966, y en Santurce, Puerto Rico, que forma parte de la jurisdicción del Tribunal Superior de Puerto Rico, Sala de San Juan, ilegal, voluntaria, maliciosa y criminalmente, tenía en su posesión y dominio una lista de números de tres cifras, los cuales se utilizan y utilizaba la acusada en el juego ilegal denominado bolipool, estando dicho material conectado con la práctica de dicho juego ilegal.

## *Segundo Cargo*

La referida acusada MELESIA AMELIA PRINCE c/p 'MILLIE', allá en o para el 11 de octubre de 1966, y en Santurce, Puerto Rico, que forma parte de la jurisdicción del Tribunal Superior de Puerto Rico, Sala de San Juan, ilegal, voluntaria, maliciosa y criminalmente, tenía en su posesión y dominio una lista de números de tres cifras, los cuales se utilizan y utilizaba la acusada en el juego ilegal denominado bolipool, estando dicho material conectado con la práctica de dicho juego ilegal."

El fiscal presentó para sostener los cargos imputados al agente encubierto que intervino con la apelante. Declaró que para el 4 de octubre de 1966 trabajaba como agente encubierto de la Policía Estatal. La acusada le "vendió números de bolipul, para el juego de bolipul para los premios que se celebran en la Lotería de Puerto Rico, los primeros tres premios de la lotería." Afirma que "ese día cuatro de octubre de mil novecientos sesenta y seis, a las cinco y diez de la tarde, me encontraba, llegué al edificio sesenta y dos, en un segundo piso del Caserío Lloréns Torres, en Santurce. Allí tengo familiares, y al llegar a la entrada del apartamiento me encontré con uno de los familiares que se encontraba en ese momento hablando con la señora Melesia Prince y me dijo en ese momento: 'mira, Daniel, a ti te gusta jugar "wajú", que le llaman así, Melesia tiene . . . .' " Declara el agente que entonces él le dijo "si tiene el premio de mañana, dáme cuatro pedacitos" y que la acusada "se metió la mano

sobre el traje, sobre el pecho y sacó cinco pedacitos del 772. Entonces yo le dije que solamente cuatro. Y partió un pedacito y se lo entregué a ella y me quedé con cuatro pedacitos y esta señora me cobró un dólar." El fiscal le muestra entonces los pedacitos que alegadamente le vendió la acusada y declara "porque ese mismo día yo 'impresé' con mi puño y letra el nombre de la acusada. Ese día yo no puse el nombre porque fue al siguiente día que investigué cómo se llamaba. Pero puse el día y la hora y las iniciales."

Refiriéndose a la transacción del 11 de octubre declaró que "ese día, a las seis y diez de ese día, de la tarde, me encontraba llevando a cabo labor de agente encubierto y tuve una transacción de bolipul con la señora Melesia Amelia Prince en el caserío Luis Lloréns Torres en Santurce, cerca del edificio 72. . . . Me encontraba en ese sitio y al verla, ella se encontraba sentada en un banco cerca del edificio setenta y dos hablando con cierta persona allí, conocida por ella. Yo la llamé y le dije que si tenía bolipul y me dijo que sí. Entonces yo le dije que me vendiera cuatro pedacitos. Entonces me dijo: 'vamos allí cerca de una entrada del edificio setenta y dos. . . .' " Fueron al zaguán del edificio setenta y dos y "de una falda que traía, de un bolsillo, sustrajo varias páginas de bolipul y cogió una página de cuatro pedacitos, el 729 y me los entregó y yo le entregué un dólar. Le pagué por ella un dólar." Identificó entonces los cuatro pedacitos de bolipool que alegadamente le entregó la señora Melesia Amelia Prince el 2 de octubre. El fiscal anuncia que somete el caso con la prueba antes relatada.

La apelante presentó prueba para establecer que ella trabaja en una casa y que su esposo devenga un salario que hace innecesario que ella se dedique a vender números de bolita o bolipool.

El juez de instancia la absolvió en el caso correspondiente al 4 de octubre. Al hacerlo expresó: "Entonces por la forma en que según la prueba se efectuó esta primera transacción

del cuatro de octubre de mil novecientos sesenta y seis, el Tribunal tiene duda razonable y absuelve libremente a la acusada en cuanto al primer cargo de la acusación." Sin embargo, la declaró culpable del segundo cargo. No encontramos justificación razonable para absolver en un cargo y condenar en el otro. La forma de llevar a cabo la transacción fue similar en las dos ocasiones y si consideramos el hecho de que en la acusación se le imputó poseer listas de números de tres cifras y el agente declara en el juicio que lo que ocurrió fue que la acusada le vendió cuatro pedacitos de bolipool, no creemos que se justificara la condena de la acusada.

Se revoca la sentencia que dictó el Tribunal Superior, Sala de San Juan, en 15 de mayo de 1967, y se absuelve libremente a la acusada.

Así lo pronunció y manda el Tribunal y firma el Señor Juez Presidente. Los Jueces Asociados Señores Rigau, Ramírez Bages y Torres Rigual disintieron. El Juez Asociado Señor Ramírez Bages disintió en voto separado con el cual concurre el Juez Asociado Señor Rigau.

Luis Negrón Fernández
*Juez Presidente*

Certifico:

Joaquín Berríos
*Secretario*

—O—

Voto disidente del Juez Asociado Señor Ramírez Bages

San Juan, Puerto Rico, a 20 de marzo de 1969

Disiento del dictamen en este caso que revoca la convicción de la apelante de un segundo cargo de poseer una lista de números de tres cifras utilizada en el juego ilegal de bolipool, estando dicho material conectado con la práctica de dicho juego ilegal.

Los fundamentos en que se apoya dicha revocación son, en síntesis, que surge duda razonable que impide la condena de la apelante debido a que (1) la forma de llevar a cabo la transacción fue similar a la del otro cargo del cual fue absuelta la apelante y (2) se le imputó poseer listas de números de 3 cifras y lo que testificó el agente fue "que lo que ocurrió fue que la acusada le vendió cuatro pedacitos de bolipool . . . ."

(1) La prueba demuestra que la duda que justificó la absolución en el primer caso se basó en que la apelante le entregó cuatro pedacitos del número 772 mientras que los pedacitos identificados por el agente como los correspondientes a esta operación consistieron de una tirilla impresa en papel rosa de cuatro pedacitos del *número 729 no del número 772.*

Sin embargo, con respecto al segundo cargo, el agente testificó que le compró a la apelante cuatro pedacitos del número 729 y esto se comprobó al identificar el agente y admitirse en evidencia una tirilla de papel blanco impreso con cuatro pedacitos del número 729 debidamente identificados por el agente como los que él recibió de la apelante y por los que le pagó $1.00. Por lo tanto no tenía el juez sentenciador fundamento alguno que le hiciese dudar, como en cuanto el primer cargo, de que la apelante cometió el delito imputado en el segundo cargo.

(2) Al igual que en *Pueblo* v. *Adorno Medina,* 92 D.P.R. 554 (1965), la prueba en este caso no revela una incongruencia entre la acusación (poseer una lista de números de tres cifras utilizados en el juego ilegal de bolipool) y la prueba (cuatro pedacitos de bolipool) pues el material descrito en la acusación y el que aparece de la prueba constituyen el mismo material de bolita o bolipool.

Por lo tanto, creo que el Tribunal ha debido confirmar la sentencia dictada en este caso por el Tribunal Superior, Sala de San Juan, en 15 de mayo de 1967.